NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0832n.06

No. 11-1944

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Aug 02, 2012*

LEONARD GREEN, Clerk

ARAVA USA, INC.,

    Plaintiff-Appellant,

v.

KARNI FAMILY FARM, LLC,
MATI KARNI, and
UNITED BANK OF MICHIGAN,

    Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
MICHIGAN

Before: NORRIS, MCKEAGUE, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Arava USA, Inc. sued Karni Family Farm LLC ("Karni

Farm"); its president, Mati Karni; and United Bank of Michigan under the Perishable Agricultural

Commodities Act ("the Act"). The district court entered a default judgment against Karni Farm,

dismissed the claim against Mati Karni, and granted summary judgment to United Bank. We affirm

in part, vacate in part, and remand.

I.

Arava is a distributor of fresh produce that sold fruits and vegetables to Karni Farm between

October and December of 2009. Karni Farm failed to pay for the produce, so Arava sued Karni Farm

and Mati Karni under, among other things, the Act. *See* 7 U.S.C. § 499e. The Act regulates certain

transactions between "commission merchants, dealers, [and] brokers" who buy and sell fresh produce. *Id.* § 499b. When a buyer of produce—like Karni Farm—qualifies as a "commission merchant, dealer, or broker," the Act requires the buyer to hold the proceeds of its produce re-sales in trust for the benefit of an unpaid produce seller—like Arava—until the seller is fully paid. *Id.* § 499e(c)(2).

Arava argued that Karni Farm was a "dealer" under the statute, thereby creating a trust for Arava's benefit in the proceeds of Karni Farm's produce sales. Because Karni Farm and Mati Karni failed to keep those proceeds in trust, Arava claimed, the defendants are liable. Neither Karni Farm nor Mati Karni appeared before the district court. The court entered a default judgment against Karni Farm, but held that the Act does not authorize a suit against Mati Karni as an individual.

Arava also sued United Bank, seeking to disgorge certain loan repayments that Karni Farm made between December 2007 and September 2009. Arava argued that those payments were made from the trust res. Here the district court entered summary judgment for United Bank. The court held that Arava failed to show that a statutory trust existed prior to November 2009. All of the payments were made before that date, the court found, so the Act does not allow Arava to reach the payments. This appeal followed.

II.

A.

Arava first argues that it was entitled to seek a judgment against Mati Karni as an individual. The district court held that a corporate officer like Mati Karni is not a trustee of a § 499e trust. Thus,

the court held, the Act does not authorize liability against Mati Karni absent a showing of "active wrongdoing"—*i.e.*, that he did more wrong than simply mismanage Karni Farm's assets.

The district court was right that Mati Karni is not a statutory trustee. Only a "commission merchant, dealer, or broker" that receives perishable agricultural commodities can be a trustee under the Act. 7 U.S.C. § 499e(c)(2). And unlike Karni Farm, Mati Karni is not a "commission merchant," "dealer," or "broker," as the Act defines those terms. *Id.* § 499a.

But that does not mean that Mati Karni cannot be personally liable for interfering with Arava's receipt of trust assets. Ordinary principles of trust law apply to statutory trusts created by the Act. *See Owner Operator Indep. Drivers Ass'n, Inc. v. Comerica Bank* (*In re Arctic Exp. Inc.*), 636 F.3d 781, 798 (6th Cir. 2011). This court has held that, where an officer causes a corporate trustee to commit a breach of trust, the beneficiary of the trust may sue the officer personally for the loss. *See Capitol Indemnity Corp. v. Interstate Agency, Inc.* (*In re Interstate Agency, Inc.*), 760 F.2d 121 (6th Cir. 1985). This liability arises not because the officer is a trustee or because of a piercing of the corporate veil, but rather because the officer himself has committed a tort against the trust's beneficiary. *Id.* at 125. The law of trusts is clear that "a beneficiary who is entitled to immediate distribution of . . . property may bring an action against a third party [*i.e.*, not the trustee] who has damaged that property or interfered with its delivery to the beneficiary." Restatement (Third) of Trusts § 107 cmt. c(1).

Every court of appeals to consider this issue has held that a corporate officer may be held personally liable under the Act. *See Coosemans Specialities, Inc. v. Gargiulo*, 485 F.3d 701, 705–06 (2d Cir. 2007) (collecting cases from the First, Second, Third, Fifth, Seventh, and Ninth Circuits).

We now join them and hold that "individual shareholders, officers, or directors of a corporation who are in a position to control [statutory] trust assets," and who fail to preserve those assets, may be held personally liable under the Act. *Sunkist Growers*, 104 F.3d at 283. Where the officer has "fail[ed] to maintain" the assets of a § 499e trust, trust law allows an unpaid produce seller to sue that officer in his personal capacity. 7 U.S.C. § 499b(4).

On remand, Arava may pursue a claim against Mati Karni as an individual.

B.

Arava also argues that it created a jury question about whether Karni Farm was a statutory "dealer" as early as 2005, so that Arava might reach the loan repayments that Karni Farm made to United Bank between December 2007 and September 2009. (Arava agrees that Karni Farm was never a "commission merchant" or "broker.") The Act defines "dealer" as "any person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary [of Agriculture], any perishable agricultural commodity in interstate or foreign commerce," subject to certain exceptions that do not apply here. 7 U.S.C. § 499a(b)(6). The Secretary has defined "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x). Thus, an entity does not become a "dealer," and the Act does not apply, until the entity buys, sells, or contracts for 2,000 pounds or more of produce in a single day.

Arava argues that it met its summary-judgment burden by introducing the license to buy and sell "wholesale or jobbing quantities" of produce that Karni Farm obtained from the Department of Agriculture in 2005. But we have found no cases holding that this license, without more, can

establish that an entity is a "dealer" under the Act. This is not surprising: a license is merely permission to engage in regulated activity; it does not show that the licensee ever undertook the activity. The Act only regulates entities that actually buy or sell 2,000 pounds or more of produce in a single day—not those that merely obtain permission to do so. Arava offered no evidence that Karni Farm bought that much produce until November 2009, by which point Karni Farm had completed the payments to United Bank.

Arava also argues that United Bank should be foreclosed from contesting Karni Farm's status as a "dealer" by virtue of Karni Farm's default. Arava's complaint against Karni Farm alleged that Karni Farm bought and sold 2,000 pounds of more of produce in 2005—the argument goes—so Karni Farm's default requires the court to treat that fact as established *for purposes of Arava's claims against United Bank*. Arava has no authority for this proposition, either. We reject it.

Given Arava's evidence, no reasonable jury could find that Karni Farm was subject to the Act prior to November 2009. Thus, none of the loan payments that Karni Farm made to United Bank were trust assets, and the Act does not allow Arava to reach those payments.

\* \* \*

The district court's judgment is affirmed as to United Bank and vacated as to Mati Karni. The case is remanded for proceedings consistent with this opinion.